"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIYA HOLLIS,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 05-6341 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff claims that the ALJ erred by failing to properly consider the opinion of the state agency physician, King M. Mendelsohn, M.D. The Commissioner disagrees.

Plaintiff's argument that the ALJ failed to adequately address Dr. Mendelsohn's opinion is persuasive. In March 2004, Dr. Mendelsohn reviewed Plaintiff's medical records and evaluated Plaintiff under the criteria for Affective Disorders (12.04) and Substance Addiction Disorders (12.09). [Administrative Record ("AR") at 130-47.] Dr. Mendelsohn found that Plaintiff's impairments resulted in "moderate" limitations in several categories, and "one or two" episodes of decompensation, each of extended duration. [AR at 130-31, 144.]

The ALJ "credited with controlling weight" Dr. Mendelsohn's assessment, finding that it was "well-supported by the medical evidence of record." [AR at 21.] However, the ALJ did not account for Dr. Mendelsohn's finding that Plaintiff would experience one or two episodes of decompensation in Plaintiff's residual functional capacity assessment ("RFC"). [AR at 21.] Because there is no indication in the record that the ALJ gave controlling weight to the opinion of a treating physician or psychologist, the ALJ erred by failing to articulate a reason for rejecting Dr. Mendelsohn's opinion that Plaintiff would experience one or two episodes of decompensation. 20 C.F.R. §§ 404.1527(f)(2)(ii)("[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant"), 416.927(f)(2)(ii)(same); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(an ALJ must explain why significant, probative evidence was rejected. ); *see also* Social Security Ruling ("SSR") 96-6p (explaining that the ALJ "must consider and evaluate any assessment of the

1  [claimant's] RFC by a state agency medical or psychological consultant"); *see also* SSR
2  96-8p ("The RFC assessment must always consider and address medical source opinions.
3  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator
4  must explain why the opinion was not adopted.").

5        The Commissioner counters that because Dr. Mendelsohn did not find that Plaintiff
6  would experience "repeated" episodes of decompensation, there is no indication that
7  Plaintiff met or equaled a Listing (20 C.F.R., Part 404, Subpt. P., App. 1) or suffered an
8  otherwise significant ongoing limitation. [JS at 8-11.]  Although Dr. Mendelsohn did not
9  find that Plaintiff's mental impairment was disabling, the ALJ was still required to
10 consider all of the limitations associated with Plaintiff's mental impairment in
11 determining Plaintiff's RFC. *See* 42 U.S.C. § 423(d)(2)(B) ("In determining whether an
12 individual's physical or mental impairment or impairments are of a sufficient medical
13 severity that such impairment or impairments could be the basis of eligibility under this
14 section, the Commissioner of Social Security shall consider the combined effect of all of
15 the individual's impairments without regard to whether any such impairment, if
16 considered separately, would be of such severity."); 20 C.F.R. §§ 404.1545(e)("we will
17 consider the limiting effects of all your impairment(s), even those that are not severe, in
18 determining your residual functional capacity"), 416.945(e)(same).  Consequently, the
19 ALJ's consideration of Dr. Mendelsohn's opinion is not supported by substantial
20 evidence.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: May 2, 2006

/s/ Arthur Nakazato
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE